PUNCH VS. WILLIAMS.

PROMISSORY NOTE.    (1, 2) *Failure of consideration, evidence necessary* FINDING OF COURT.  (3) *When presumed correct.*

1. The defense that a note sued on was *without consideration*, or that the maker, when he gave it, was under a mistake as to the fact or amount of an indebtedness supposed to be due from him to the payee (for which it was given), ought to be sustained *by evidence which leaves no reasonable doubt.*
2. In this case, the evidence, as it appears in the bill of exceptions, *held* not to sustain such a defense.
3. The circuit court having found as a fact that defendant was indebted to plaintiff in the full amount of the note, and the bill of exceptions not purporting to contain all the evidence, this court must *presume that the finding was correct.*

APPEAL from the Circuit Court for *Waukesha* County.

Action upon a promissory note for $42, made by *Williams* in favor of *Punch*.  The answer alleged a want of consideration, and also that the note, together with $30 in money, was given by defendant to *Punch*, as administrator of the estate of one Murphy, in settlement of a balance of $72, which *Punch* claimed to be due from *Williams* to the estate of Murphy as shown by the account books of the latter, when in fact the account books did not show any claims in favor of Murphy against defendant exceeding the sum of $10.

Plaintiff offered in evidence the note in question, and rested. Defendant testified that he paid *Punch* $30 in money and gave him the note in settlement of a balance claimed to be due Murphy's estate from *Williams*, as shown by the account books; that he did not see the accounts, and that on the day of settlement he repeatedly told *Punch* that he did not owe Murphy's estate the amount claimed, which was $72.91.  On receiving the note and money, plaintiff gave *Williams* a receipt, referring to two pages of the account book, on one of which

was a statement of Murphy's account against *Williams*, amounting to $54.16, and on the other a like statement amounting to $18.75, the aggregate being $72.91, the amount claimed by *Punch* as due. The account book, being offered in evidence, showed the former account of $54.16 to have been charged against *Williams* during the years 1862 and 1863, and the account of $18.75 during the years 1867 and 1869. Defendant then introduced testimony tending to prove a settlement by him with Murphy in full in the year 1865, by his giving a note of $50, which was afterwards paid.

The plaintiff, in rebuttal, testified that the consideration for the note was his releasing defendant's liabilities to Murphy's estate, of which plaintiff was administrator; that he advanced $42 to pay off some claims due against the estate; that he agreed to borrow this amount, which was the sum for which defendant was liable to the estate, if defendant would give the note to secure him, which was done. The court found for the plaintiff, and gave judgment for the amount due by the terms of the note; from which judgment defendant appealed.

*A. Cook*, for appellant, to the point that where a note is given upon a mistake of fact, as for a supposed indebtedness where none exists, or for a greater sum than is actually due, the maker is entitled to relief from payment, either in whole or part, cited *Mowatt v. Wright*, 1 Wend., 355–360; *Wheadon v. Olds*, 20 id., 174–176; *Canal Bank v. Bank of Albany*, 1 Hill, 287; *Bank of Commerce v. Union Bank*, 3 Coms., 230; *Waite v. Leggett*, 8 Cow., 195. These cases mainly affirm the right of action in favor of a party who has paid money by mistake of facts, to recover it back; but the right of relief applies with greater force where the promise to pay has been made by similar mistake. The mistake which entitles a party to relief is very clearly stated by SAVAGE, C. J., in *Mowatt v. Wright*, 1 Wend., 360, as follows: "An error of fact takes place, either when some fact which really exists is unknown, or some fact is supposed to exist which really does not exist.

Punch vs. Williams.

*Wm. S. Hawkins,* for respondent.    [No brief on file.]

COLE, J.    The proposition of law which the counsel for the defendant relies upon for a reversal of the judgment, is doubtless sound.    It is this : If the defendant executed the note sued on under a mistake of fact, and for an indebtedness to the estate of Patrick Murphy when no such indebtedness existed, or gave it for a greater sum than the amount of such indebtedness, then he is entitled to be released from its payment, in whole or in part.    The difficulty with this case is, to bring it within the application of this principle of law.    The circuit court found upon the evidence, that the defendant was indebted to the plaintiff for the amount due upon the note.    That is, we infer from the finding of facts, that the court below was satisfied, from all the testimony adduced, that there was no mistake as to the indebtedness of defendant to the estate, and that consequently there was no failure of consideration of the note. The bill of exceptions does not purport to contain all the evidence, and we must presume that the finding of the court below was fully sustained by the proofs in the case.    Ever upon the testimony contained in the bill of exceptions, it is far from being clearly shown that the defendant was not indebted to the estate on book account to the amount of the face of the note. It is true, there is some evidence of the settlement and payment of all accounts in 1865.    But there is nothing very satisfactory in this evidence.    It is wholly insufficient to establish the fact that the note was given for a supposed indebtedness where none existed.    The defense that the note was without consideration ought to be sustained by evidence which leaves no fair or reasonable doubt upon the subject.    The testimony in this case falls far short of this ; and besides, there might have been other evidence, not contained in the record, which tended to disprove the defense.

Under these circumstances it is manifest that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.